### L. L. DUDLEY ET AL. V. F. A. JONES.

#### No. 183.

**Power of Marshal to Levy Outside Corporate Limits—Statute:
Construed.**—Under article 418, Revised Statutes, providing for the issue by
the mayor or recorder and levy by the marshal of executions to satisfy any fine,
penalty, and costs imposed by the mayor or recorder, the authority of the mar-
shal is not restricted to the limits of the town, but is coextensive with that of
the sheriff, and he can levy on property anywhere in the county.

APPEAL from Hill. Tried below before Hon. J. M. HALL.

*Tarlton & Morrow, Upshaw & Jordan* and *J. G. Abney*, for appellants..

1. The city marshal of Hillsboro, Texas, had all the powers of the sheriff·
of Hill County in levying and executing any execution process from the
Mayor's Court of Hillsboro, and therefore had the right to levy the ex-
ecution from the Mayor's Court on land situated in any part of Hill
County, Texas. Rev. Stats., arts. 418, 363.

2. The statute having provided specially that all executions issued
from the Mayor's Court should be directed to the city marshal thereof,
the execution in this case was proper in form, and was properly directed.
to the city marshal of Hillsboro. Rev. Stats., art. 418.

*R. M. Vaughan* and *Clifford Moorman*, for appellee.—1. Under the;
general charter for cities and towns (Revised Statutes, articles 340–505),.
a city marshal has only such right to act beyond the limits of the city
for which he is elected as is specially conferred upon him by said char-
ter, which is the organic act of said city; and all acts performed by said
city marshal beyond the limits of said city, unless jurisdiction is
specially conferred upon him, are void, as municipal officers can exercise·
those powers only which are expressly conferred, subject to such restric-
tions as are annexed to the grant of such powers. Rev. Stats., arts. 363,.
418; Pye v. Peterson, 46 Texas, 312; Williams v. Davidson, 43 Texas,
2; Alred v. Montague, 25 Texas, 732; Leland v. Wilson, 34 Texas, 79;.
Emmons v. Williams, 28 Texas, 779.

2. A city marshal of a city incorporated under the general charter of·
cities and towns (Revised Statutes, articles 340–505) has no authority to
levy a writ of execution issued by the Mayor's Court of said city on
lands situated beyond the limits of said city, and the same not being

within its jurisdiction; and the writ of execution so levied and the sale made by virtue thereof are void, and the purchaser at such sale acquires no title to the property sold. Rev. Stats., arts. 344, 418; Leland v. Wilson, 34 Texas, 79; Emmons v. Williams, 28 Texas, 779.

3. A valid levy can only be made by an officer within whose jurisdiction the property levied upon is situated, and in order to convey real estate by a sheriff or constable's deed, the party claiming under such deed must show valid judgment, execution, levy, and sale. Alred v. Montague, 26 Texas, 732; Leland v. Wilson, 34 Texas, 79; Emmons v. Williams, 28 Texas, 779; Donnebaum v. Tinsley, 54 Texas, 362.

RAINEY, Associate Justice.—The land in controversy is a part of 315 acres deeded to R. D. Jones during his coverture with Ruth Ann Jones, and was their community property. These parties had six children, plaintiff being one. In 1872 Ruth Ann Jones died, and from her appellee inherited the land in suit.

Appellee was convicted in the Mayor's Court of the city of Hillsboro, Texas, for violating some ordinance of the city, and a fine of $10 was rendered against him. Said judgment was rendered on July 16, 1883. Execution was issued on said judgment on July 17, 1883, by W. M. Perrill, mayor of said city. Said execution was on July 17, 1883, executed by W. B. Johnson, marshal of the city of Hillsboro, Hill County, Texas, by levying upon appellee's interest in the land, the same being situated about three miles east of Hillsboro, and in Hill County, Texas; and on the first Tuesday, the 7th day, of August, 1883, said interest was by said W. B. Johnson sold to B. D. Tarlton, and B. D. Tarlton sold to appellants, executing a quitclaim deed thereto.

*Opinion.*—This is an action of trespass to try title, brought by appellee against appellants, to recover the land in controversy, and for partition.

Three assignments of error are made, but we deem it unnecessary to notice but one, as the others are not well taken.

One link in appellants' chain of title is a deed executed by the marshal of the city of Hillsboro in his official capacity. The evidence shows, that appellee, F. A. Jones, was convicted in the Mayor's Court in and for the town of Hillsboro for the violation of a town ordinance, and a judgment rendered, imposing a fine upon him for $10. By virtue of said judgment the mayor issued an execution, directed to the marshal, by whom it was levied on the land in controversy, which is situated about three miles from the town of Hillsboro. A sale was regularly made thereunder by said marshal, and the land bid in by B. D. Tarlton, to whom the marshal executed a deed. Appellants hold under this deed.

On the trial below the court held, that the marshal's authority did not extend beyond the town limits, and his action in levying on and selling

the land was a nullity, and no title was conveyed thereby. This ruling of the court is complained of by appellants, and we think justly so.

Article 418, Revised Statutes, provides, "And for any fine, penalty, and costs imposed by the mayor or recorder in the trial of any cause or complaint before him, execution may issue to collect such fine and costs, to be levied and executed in the same manner that executions are from the District Court. The same shall be issued by the mayor or recorder to the marshal, who, in levying on property and selling, shall have like power and authority as the sheriff of the county in executions issued from the District Court; and the laws of the State, so far as applicable, shall apply to and be in full force and effect as to the executions from the Mayor's or Recorder's Court."

It will be noticed that this article does not restrict the authority of the marshal to the limits of the town, but, on the other hand, declares, as to executions issued by the mayor or recorder, he "shall have like power and authority as the sheriff of the county in executions issued from the District Court." The sheriff has authority to levy anywhere within the limits of his county. As the law gives the same authority to marshals that sheriffs possess, it follows that they can levy anywhere in the county.

The levy and sale of the land in controversy was authorized under the law, and the court erred in holding otherwise.

The judgment of the court below is reversed and remanded, with instructions that the court below enter judgment for appellants for the land in controversy, and proceed to partition the same accordingly.

*Reversed and remanded.*

Delivered February 7, 1894.

Motion for rehearing overruled April 11, 1894.